# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BARTON W. STUCK,
*Petitioner*,

v.

No. 3:21-cv-806 (JAM)

UNITED STATES OF AMERICA,
*Respondent*.

## ORDER DISMISSING MOTION FOR POST-CONVICTION RELIEF WITHOUT PREJUDICE

Barton Stuck has moved for post-conviction relief pursuant to 28 U.S.C. § 2255 at the same time that his direct appeal from his conviction is pending. I conclude that the best way forward in this case is to dismiss the section 2255 motion without prejudice to its renewal either after the direct appeal is decided or before that time, provided it is accompanied by a statement from Stuck expressly requesting that I adjudicate the motion prior to the determination of his appeal.

### BACKGROUND

On May 27, 2021, the Court sentenced petitioner Barton Stuck principally to a term of 12 months and one day of imprisonment following his plea of guilty to wire fraud.[1] On June 4, 2021, counsel for Stuck filed a notice of appeal from his conviction and sentence.[2] Shortly thereafter, on June 11, 2021, Stuck filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence based on the ineffective assistance of his trial counsel—Assistant Federal Defender James Maguire—which Stuck argues frustrated his ability to withdraw his guilty plea under Fed. R. Cim. P. 11(d)(1).[3] On June 21, 2021, Stuck submitted a letter

---

[1] No. 3:18-cr-28, Doc. #102 (sentencing), Doc. #103 (judgment).
[2] *Id*., Doc. #106 (notice of appeal).
[3] Doc. #1 at 1-3 (motion).

memorandum in support of his section 2255 motion.[4] In his motion and letter memorandum, Stuck claimed that, months prior to his sentencing, he asked Attorney Maguire what steps would be involved in withdrawing his guilty plea before sentencing and then asked Maguire to request a continuance to pursue withdrawal of his plea.[5] He alleged that Maguire refused to inform him of the necessary steps to withdraw his plea, advised him that withdrawal might reflect poorly on him, and refused to request a continuance or ask the Court to let Stuck withdraw his plea.[6]

On June 29, 2021, the Second Circuit granted Attorney Maguire's motion to be relieved based on the claim in Stuck's habeas motion that Maguire provided him with ineffective assistance of counsel.[7] The Second Circuit has appointed new counsel for Stuck on his direct appeal.[8] Stuck's opening brief in the Second Circuit is due November 5, 2021.[9]

Meanwhile, on August 2, 2021, the Government asked me to issue an order in Stuck's habeas proceeding clarifying the extent to which Stuck waived the attorney-client privilege by divulging in his section 2255 motion and letter memorandum the advice he sought from Attorney Maguire and that Maguire provided him concerning withdrawing his guilty plea.[10] The Government represented that it had attempted to confirm or disprove Stuck's factual allegations with Attorney Maguire, who indicated general disagreement with Stuck's recitation of events but cited his continuing duty of loyalty to Stuck as a former client and therefore declined to disclose any specifics about his communications with Stuck.[11] The Government requested an order stating that Stuck waived the attorney-client privilege with respect to the specific conferences

---

[4] Doc. #5 (letter).
[5] Doc. #1 at 1-2; Doc. #5 at 1.
[6] Doc. #1 at 2.
[7] *See United States v. Stuck*, No. 21-1428, Docs. #10 (motion) and #13 (order).
[8] *See id.*, Doc. #14 (assignment of Jeremy Gutman as CJA counsel).
[9] *See id.*, Doc. #26 (scheduling notification).
[10] Doc. #6 at 1-2 (motion for waiver of attorney-client privilege order).
[11] *Id.* at 3.

detailed in his motion and any other communications with Attorney Maguire concerning whether and how he might withdraw his guilty plea prior to sentencing.[12]

On August 23, 2021, Stuck submitted a response arguing that he had not waived the attorney-client privilege and requesting court-appointed counsel to advise and represent him.[13] On September 10, 2021, the Government submitted a reply contending that counsel should not be appointed for Stuck and that Stuck had indeed waived the attorney-client privilege.[14]

DISCUSSION

A federal district court has discretion to dismiss a prisoner's section 2255 motion without prejudice as premature if it is filed while a direct appeal is pending. *See United States v. Jiau*, 536 F. App'x 140, 141–42 (2d Cir. 2013). Dismissal is appropriate not because there is an outright jurisdictional bar to a district court's consideration of a section 2255 motion while a direct appeal is pending, but for reasons of judicial economy because a direct appeal may moot or nullify grounds for a district court's ruling on a section 2255 motion. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *Chavez v. United States*, 2019 WL 4393582 (D. Conn. 2019).

Dismissal without prejudice may well be in a prisoner's interest. Because the law generally limits a prisoner to only one section 2255 motion, *see* 28 U.S.C. § 2255(h), the prisoner may place himself at a disadvantage by litigating matters in a section 2255 motion prior to knowing the outcome of his appeal and when additional grounds for relief or a change in law may also become apparent in the interim. If the prisoner awaits the outcome of the appeal, he

---

[12] *Ibid*.
[13] Doc. #8 at 1 (response). Stuck also asked to "be given full access to Mr. Maguire's case file for a period of 30 days" to "review his actions/non-actions in this matter and other key representation matters." *Id*. at 2.
[14] Doc. #10 (reply).

3

may seek leave to amend his section 2255 motion to the extent that there emerge other potential grounds for relief.

On the other hand, a prisoner may believe his best chance for speedy and effective relief is by way of a section 2255 motion, rather than waiting out the potentially lengthy time for an appeal to be decided. Such circumstances may convince a prisoner to seek to forego any possible benefit from knowing the outcome of his direct appeal before pressing forward with his section 2255 motion.

On balance, I conclude that it would be premature for me to adjudicate Stuck's section 2255 motion while the direct appeal remains pending unless Stuck expressly requests that I adjudicate his motion before the direct appeal is decided. If he does so, he should make clear why he prefers an early adjudication of his section 2255 motion and why judicial economy and the interests of justice would favor early adjudication of his section 2255 motion. Now that Stuck has new counsel appointed to represent him for purposes of his direct appeal, he should consult with this counsel about what course of action would best serve his interests.

### CONCLUSION

For the reasons set forth above, the Court DISMISSES without prejudice Stuck's motion for post-conviction relief. The Clerk of Court shall administratively close this case unless Stuck files a motion to reopen within 21 days. The case shall be re-opened at such time that Stuck files a request for the Court to adjudicate his motion, whether prior to the conclusion of his direct appeal or afterwards. Because Stuck cannot make a substantial showing that the Court's interim disposition of this motion results in the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter.

It is so ordered.

Dated at New Haven this 15th day of September 2021.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge